U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JAN 1 1 2013

CLERK, U.S. DISTRICT COURT
By_____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT LEE HODGES, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-720-A |
| | § | (NO. 4:10-CR-174-A-1) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Came on to be considered the motion of Robert Lee Hodges
("movant") pursuant to 28 U.S.C. § 2255 to vacate, set aside, or
correct sentence. Having reviewed the motion, the record, the
government's response, movant's reply, movant's supplement, and
applicable legal authorities, the court concludes that none of
the grounds has merit and the motion should be denied.

I.

<u>Background</u>

Movant pleaded guilty, sans plea agreement, to one count of
possession with intent to distribute cocaine, in violation of 21
U.S.C. §§ 841(a)(1) and (b)(1)(B). He was sentenced to 180
months imprisonment and a four-year term of supervised release,
and his conviction and sentence were affirmed on appeal. <u>United
States v. Hodges</u>, 452 F. App'x 571 (5th Cir. 2011). Movant did

not file a petition for certiorari review, and timely filed his §
2255 motion.  The government filed a response, and movant filed a
reply.[1]

## II.

### Grounds of Motion

Movant identified four grounds for relief in his motion, all
asserting claims of ineffective assistance of counsel: (1)
ineffective assistance of counsel in the pretrial process in
counsel's failure to file a motion to suppress evidence; (2)
ineffective assistance of counsel in the pretrial, plea,
sentencing, and direct appeal process in counsel's failure to
file a motion to dismiss the indictment and failure to
investigate and present favorable issues; (3) ineffective
assistance of counsel in waiving the application of the Speedy
Trial Act; and (4) ineffective assistance of counsel in failing
to file discovery motions.  Mot. at 7-8; memo. at 4-7.  Movant
also sporadically mentions additional grievances in his
memorandum, all of which are conclusory and meritless.

---

[1] In his reply, movant appears to assert a new claim, alleging that frivolous objections were made
to his presentence report.  A review of the claim shows that it is without merit, and the court is not
further considering such claims, as new claims raised for the first time in a reply brief need not be
considered.  See United States v. Cervantes, 132 F.3d 1106, 1111 (5th Cir. 1998).  Movant also filed a
motion to amend his motion, and the court considers the contents of and attachments to such motion as
they relate to movant's original claims.

2

III.

Analysis

A.   Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992).  A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors.  Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors.  It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).  Further, if issues "are raised and considered on direct appeal, a defendant

3

is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.   Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686)). Judicial scrutiny of this type of claim must be

4

highly deferential and the defendant must overcome a strong
presumption that his counsel's conduct falls within the wide
range of reasonable professional assistance.  <u>Strickland</u>, 466
U.S. at 689.

In his first ground, movant contends that his counsel was
ineffective for failing to file a motion to suppress the evidence
seized at his home "due to the police's use of a 'dog sniff' at
the door of a residence as the basis for probable cause."  Memo.
at 4.  To succeed on this claim, movant must demonstrate that his
proposed motion was meritorious and that the outcome of his case
would have been different absent the excludable evidence.
<u>Kimmelman v. Morrison</u>, 477 U.S. 365, 375 (1986).  Movant has
shown neither, and thus cannot demonstrate that his attorney
performed below professional standards by declining to file the
motion.

Movant appears to claim that there was no probable cause for
the warrant to search his home because the warrant was based
solely on the detection of drugs by a "dog sniff."  But, movant
fails to mention additional information supporting the search
warrant, as described by the government in its response and in
the application and affidavit ("application") for a search
warrant.  Resp. at 11; <u>In re Search of the Premises Located at</u>
<u>7200 Chambers Creek Court, Arlington, Texas</u>, No. 4:10-MJ-173-BJ-

3.   The application provides credible information indicating that movant was associated with specific, large-scale drug traffickers, Theresa Colton ("Colton"), who movant identified to authorities as his sister, and her husband.   Movant's association and activities with such individuals which led to the agents' belief that movant was himself involved in such trafficking activities.   The application further describes movant's actions and conduct, and the agent's observations, leading up to the application and execution of the search warrant, such as (1) observation of movant entering and leaving the residence of other drug traffickers; (2) movant's aggressive and threatening behavior toward the agent in tailgating the agent with his vehicle, chasing the agent, and challenging the agent to a fight; (3) movant's arrest in which $7,905.00 was seized from his person and marijuana seeds and stems were discovered in his vehicle; (4) following his arrest, directing that his vehicle be released to Calton; (5) an agent observing movant's vehicle parked in the driveway of movant's home; and (6) a criminal history database check indicating that agents from the Drug Enforcement Agency had identified movant as a "multi-kilogram cocaine/cocaine base distributor."   Application, at 8-12.

Clearly, the search warrant was based on much more information than a single "dog sniff" at the door of movant's

6

residence. In addition, even if probable cause had been based
merely on the "dog sniff," neither the Fifth Circuit nor the
Supreme Court[2] has held that a "dog sniff" is a search itself
requiring probable cause. See United States v. Cota-Lopez, 104
F. App'x 931, 934 (5 Cir. 2004) (expressly declining to decide
the issue as to whether a dog sniff at a front door was
considered a search). Thus, movant cannot show that a motion to
suppress would have been meritorious or would have been likely to
change the outcome of his case, and cannot show that his attorney
acted unreasonably in declining to file such a motion.

Movant next takes issue with his attorney's actions
surrounding movant's indictment, contending that his attorney
should not have agreed to extend the amount of time between
movant's arrest and indictment beyond thirty days. The joint
motion to extend time to indict, signed by movant, his attorney,
and counsel for the government, indicates that the parties were
attempting to reach a plea agreement and that both parties needed
additional time for preparation. It was certainly a reasonable
strategy for movant's attorney to have agreed to the extension in
order to continue plea negotiations, and movant offers nothing to

---

[2] The Supreme Court is scheduled to decide the issue of whether a dog sniff conducted at the
front door of a suspected drug house by a trained drug-detection dog is a search requiring probable cause
under the Fourth Amendment. See Florida v. Jardines, No. 11-564.

overcome the strong presumption that his attorney's actions in this matter were within the range of reasonable performance. Furthermore, as the government points out, if there had been no extension of time, the government likely would have reinstituted proceedings against movant and prosecuted him.  Resp. at 14; 18 U.S.C. § 3162(a)(1).

Related to the indictment, movant appears to contend that his attorney should have "move[d] for dismissal of the indictment on the grounds that it was not presented or returned by the grand jury in open court."  Memo. at 5.  However, there is no evidence that the indictment was defective in any way, and movant produces nothing to support his contention that the indictment was not presented in open court.  Thus, his attorney could not have been ineffective for failing to move to dismiss the indictment.

Movant next contends that his attorney was ineffective for failing to file a discovery motion pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), or Jencks v. United States, 353 U.S. 657 (1957).  But, movant does not identify what information or evidence his attorney could have obtained, stating only that he "would have obtained information, evidence for a Proper Defense," and characterizing potential evidence as "favorable" and "exculpatory."  Memo. at 15-16.  See United States v. Green, 882 F.2d 999, 1003 (5th Cir.

1989) ("A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."); United States v. Lewis, 786 F.2d 1278, 1283 (5th Cir. 1983) (stating that a defendant must identify evidence that would have been produced by further investigation, and that such evidence would be "sufficient to undermine confidence in the outcome of the trial").  Thus, movant can show neither cause nor prejudice in regards to his attorney's decision not to file a discovery motion.

Movant makes several other cursory and conclusory complaints about the performance of counsel, none of which has merit. Movant claims his attorney (1) did not properly advise him regarding his decision to plead guilty; (2) failed to investigate or present available evidence and authority at movant's sentencing; (3) failed to object to improper evidence used to determine movant's guideline range and sentence; (4) failed to move for a downward departure; (5) failed to present the proper issues on direct appeal; (6) had a conflict of interest that affected movant's sentence; and (7) failed to argue at sentencing that movant's Sixth Amendment rights were violated.  Memo. at 6-8.  Movant alleges no facts, does not identify evidence to support his above contentions, and offers no grounds that could

show that a motion for downward departure would have had merit. The Fifth Circuit "has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." <u>Miller v. Johnson</u>, 200 F.3d 274, 282 (5th Cir. 2000).  Thus, movant's remaining claims fail, and should be dismissed.

IV.

<u>Order</u>

Therefore,

The court ORDERS that the motion of Robert Lee Hodges to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED January 11, 2013.

JOHN McBRYDE
United States District Judge